IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | |
| | § | |
| PAMELA ADENUGA and KEHINDE | § | No. 3:12-cr-313-P |
| ADENUGA, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER DENYING MOTIONS FOR
RELEASE PENDING SENTENCING**

Defendants Pamela Adenuga and Kehinde Adenuga have each filed a motion for release pending sentencing, *see* Dkt. Nos. 143 & 144, which District Judge Jorge Solis has referred to the undersigned magistrate judge, *see* Dkt. No. 145. The undersigned held a hearing on the motions on January 31, 2014, and both Defendants and their counsel and counsel for the government appeared for the hearing.

On January 21, 2014, Defendants, who are married, were each convicted of one count of conspiracy to commit health care fraud and seven counts of health care fraud. Judge Solis detained both Defendants upon conviction. *See* Dkt. No. 134. Defendants are set for sentencing before Judge Solis on May 7, 2014. *See* Dkt. No. 142.

Defendant Pamela Adenuga moves the Court to reconsider its January 21, 2014 Order requiring her immediate detention and requests that the Court permit her to be released from custody until sentencing because she is not a flight risk and does not pose a danger to the safety of another person or the community. *See* Dkt. No. 143. Defendant Kehinde Adenuga likewise requests his release pending sentencing,

-1-

asserting that he can meet his admittedly heavy burden under 18 U.S.C. § 3143(a) to show by clear and convincing evidence that he is not a flight risk or a danger to the community. *See* Dkt. No. 144. The government opposes both Defendants' motions. *See* Dkt. No. 147.

"The provisions of 18 U.S.C. § 3143 govern release pending sentencing or appeal." FED. R. CRIM. P. 46(c). Release of "a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence" pursuant to Section 3143(a)(1) requires that "the judicial officer find[] by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c)."18 U.S.C. § 3143(a)(1). Absent such a finding – which requires the defendant's release under 18 U.S.C. § 3142(b) or (c) – the convicted defendant "shall ... be detained" while "awaiting imposition or execution of sentence." *Id.*; *accord United States v. Abdallah*, No. 01-11219, 281 F.3d 1279 (table), 2001 WL 1692455, at *1 (5th Cir. Nov. 26, 2001).

As the United States Court of Appeals for the Fifth Circuit has repeatedly recognized, Federal Rule of Criminal Procedure 46(c) and Section 3143(a)(1) impose a burden on a convicted defendant seeking release pending sentencing to show by clear and convincing evidence that she or he is not a flight risk or a danger to the community. *See* 18 U.S.C. § 3143(a)(1); FED. R. CRIM. P. 46(c) ("The burden of establishing that the defendant will not flee or pose a danger to any other person or to the community rests with the defendant."); *United States v. Lockett*, No. 13-11097, ___ F. App'x ____, 2013 WL 6623771, at *1 (5th Cir. Dec. 17, 2013). And another Court of

Appeals has explained that "18 U.S.C. § 3143(a)(1) creates a presumption in favor of detention; it places the burden on the defendant to defeat that presumption; and it requires the defendant to carry that burden by clear and convincing evidence, not by a mere preponderance," and that "[o]nly if a defendant clears these high procedural hurdles is he entitled to release pending sentencing." *United States v. Abuhamra*, 389 F.3d 309, 320 (2d Cir. 2004). "Among factors the district court should consider in determining whether to grant a convicted defendant's motion for release pending sentencing are those factors enumerated in 18 U.S.C. § 3142(g) governing pretrial release." *United States v. Majors*, 932 F. Supp. 853, 855 (E.D. Tex. 1996) (citing *United States v. Vance*, 851 F.2d 166, 169-70 (6th Cir. 1988)).

In an effort to meet the required showing, Defendant Pamela Adenuga's motion asserts the following:

• "Prior to conviction, Ms. Adenuga was released on bond. Ms. Adenuga has established a good record of complying with the conditions of her release and has adequately maintained communication with the assigned officer from United States Probation and Pretrial Services." Dkt. No. 143 at 1.

• "Ms. Adenuga is a United States citizen and surrendered her passport at the time of her initial appearance. Ms. Adenuga does not hold any foreign passports." *Id.*

• "Ms. Adenuga is the mother and primary caregiver of three children under the age of twelve. All of her children are United States citizens and attend school in Arlington, Texas." *Id.* at 2.

-3-

- "Ms. Adenuga has lived in the DFW area for a substantial period of time and has strong ties in her community." *Id.*

- "Ms. Adenuga is not a danger to the safety of any person or the community. She has not been charged or convicted of a crime of violence and has no history of violence. Moreover, following conviction, there is no risk that she will continue to participate in any way as a Medicaid or Medicare provider." *Id.*

Ms. Adenuga "respectfully requests that she be released pending sentencing in order to: (1) meaningfully and effectively participate with her attorneys in preparing for a sentencing hearing that will address complex issues involving, among other things, the amount of loss; (2) make arrangements for the care of her children during the time of her incarceration; and (3) spend time preparing her children for the imminent loss of both their parents for a substantial amount of time." *Id.*

At the hearing, Ms. Adenuga presented testimony from her mother, her brother, and a close friend, who each testified to Ms. Adenuga's ties to the local community and devotion to her children and their beliefs that Ms. Adenuga would not flee if released because she has nowhere to go. Ms. Adenuga's counsel proffered that Ms. Adenuga has, in the last five years, only traveled internationally once to Poland for her brother's medical school graduation, once to Nigeria for a family funeral, and to the Carribean for family vacations. Mr. Adenuga's counsel also offered Ms. Adenuga's brother, who is a medical doctor who lives and works in this area, as a possible third-party custodian for Ms. Adenuga.

Defendant Kehinde Adenuga's motion argues that he has carried the burden to

prove by clear and convincing evidence that he is not a flight risk "given his track record of complying with all of his conditions of release pretrial" and his demonstrating "his substantial contacts to the community," as "shown by the daily attendance of supporters at the trial, and the fact that he has three children, ages 6, 7, and 11 living in Arlington, Texas." Dkt. No. 144 at 1-2. Mr. Adenuga further asserts that "he has proven that he is not a danger to the community in that he was re-hired by Wataburger and worked every week well above forty hours as evidenced by the Defendant's Trial Exhibit 7." *Id.* at 2.

At the hearing, Mr. Adenuga's counsel proffered that Mr. Adenuga could continue his employment if released. Mr. Adenuga also presented testimony from three friends of Mr. Adenuga and his family, and each witness testified to Mr. Adenuga's ties to the local community and devotion to his children and, in at least one instance, to the possible care of Defendants' children in the event that Defendants are sentenced to imprisonment. Mr. Adenuga's counsel proffered that Mr. Adenuga is dedicated to his family and would not leave the United States with or without his children. Mr. Adenuga's counsel also offered one of the witnesses as a possible third-party custodian for Mr. Adenuga.

"In the event the Court determines that allowing the release of both [Defendants] pending sentencing is too great a risk," Mr. Adenuga's motion alternatively submits "that releasing Pamela Adenuga while maintaining [Mr. Adenuga's] incarceration is an acceptable solution that now that the reality of an extended prison sentence is upon the Defendants a long term solution for their three

children must be determined." Dkt. No. 144 at 2. Mr. Adenuga's motion explains that Defendant Pamela "Adenuga's mother is currently caring for the children's day to day needs, but many details have yet to be resolved which would best be handled by one of the parents." *Id.* He therefore respectfully requests that, if the Court refuses to allow both Defendants' release pending sentencing, the Court release Defendant Pamela Adenuga. *Id.*

The government opposes Defendants' motions and maintains that both Defendants are flight risks who should remain incarcerated pending sentencing. *See* Dkt. No. 147 at 1. The government acknowledges that, "[w]hile the government contends that the defendants are an economic threat to the community, their criminal history does not show that they pose a physical danger to the community." *Id.* at 1 n.1. But the government maintains that Defendants "have not presented clear and convincing evidence that requires reversal of the District Court's Order of Detention." *Id.* at 2.

According to the government, while "the defendants state that they should be released pending sentencing because they complied with their pre-trial conditions of release and because they have family obligations," "[n]either of these reasons is indicative they are not flight risks and falls short of the clear and convincing evidence required to change the District Court's Order." *Id.* The government contends that "[t]hat the defendants did not flee prior to being adjudicated guilty is irrelevant and immaterial. The Bail Reform Act of 1984 is clear in distinguishing between the right to bail before conviction and the opportunity for bail post-verdict. After being found

guilty by a jury, the defendants face significant prison terms and are flight risks." *Id.*

More specifically, the government asserts that Defendants "have not shown by clear and convincing evidence that they are not a flight risk and should remain incarcerated pending sentencing" because of immigration- and travel-related risks of flight. *Id.*

The government explains that "Defendant Kehinde Adenuga was born in Nigeria and became a Lawful Permanent Resident of the U.S. in 1998"; "became a naturalized U.S. citizen in August 2001"; and, "[a]s a native of Nigeria, even after becoming a United States citizen, ... can apply for and obtain a Nigerian passport in the U.S." *Id.* According to the government, "[i]f Mr. Adenuga has already done this, or should he should choose to do so, U.S. Immigration and State Department authorities would have no idea." *Id.* at 2-3. The government further reports that, "[s]ince 2008, Mr. Adenuga has traveled internationally seven times" and that "[f]ive of the seven trips have been to Nigeria or Europe." *Id.* at 3.

The government also reports that, while "Defendant Pamela Adenuga was born in the United States," "[s]ince 2010 Mrs. Adenuga has traveled internationally five times," and "[t]wo of the five trips have been to Nigeria and Europe with the last trip being in June 2011." *Id.*

The government further argues that Defendants present fraud- and deceit-related flight risks. *See id.* According to the government,

> [t]here is simply no reason for the Court to believe the defendants when they say they will not flee. The defendants have been convicted of eight counts of health care fraud. Each of these eight counts deals with

knowingly and willfully lying to the government in order to steal monies from Medicaid. Several of the false and fraudulent claims at issue in the criminal case date back to 2009. In handing down its guilty verdict, a jury found that the defendants have been conspiring to defraud the government for the last four years. The fraud in this case involved the submission of false claims to Medicaid. It is important to note that when the defendants were audited by the Medicaid program in 2010-2011, they supported their false and fraudulent claims with fake medical files that contained scores of forgeries. The defendants' fraudulent conduct is clear evidence that any assurances or affirmations that they provide to this Court cannot be trusted.

*Id.*

At the hearing, the government's counsel presented no witnesses but examined some of Defendants' witnesses and, during his argument, pressed the same points made in the government's written response to Defendants' motions and also urged that both Defendants present a danger in the form of an economic threat to the community if released.

The undersigned has considered the evidence presented – including all of the witnesses' testimony and Defendants' proffers – in light of the factors listed in 18 U.S.C. § 3142(g), including the nature and circumstances of the offenses charged, for which Defendant was convicted on a jury verdict of guilty, and Defendant's history and characteristics. For the reasons stated on the record at the hearing, the Court finds that Defendant Pamela Adenuga has not proven by clear and convincing evidence that she is not likely to flee if released under 18 U.S.C. § 3142(c) and that Defendant Kehinde Adenuga has not proven by clear and convincing evidence that he is not likely to flee if released under 18 U.S.C. § 3142(c).

The government's summary of Defendants' asserted grounds for presentencing

release – that they should be released pending sentencing because they complied with their pre-trial conditions of release and because they have family obligations – is accurate but incomplete. With regard to flight risk, both Defendants also point to their ties to the community, including their family and three minor children. Defendant Pamela Adenuga also asserts that she is not a flight risk because she is a United States citizen, surrendered her passport at the time of her initial appearance, and does not hold any foreign passports.

The government is correct that courts routinely discount compliance with pretrial release conditions when deciding on presentencing release because "[s]omething has changed since trial; Defendant is no longer presumed innocent but is guilty of the counts of conviction. His [or her] legal status has changed, increasing his [or her] incentive to flee." *United States v. Jinwright*, No. 3:09-cr-67-W, 2010 WL 2926084 (W.D.N.C. July 23, 2010); *see also United States v. Dimora*, No. 1:10-cr-387, 2012 WL 1409396, at *4 (N.D. Ohio Apr. 23, 2012). The fact that Defendants complied with the terms of their pretrial release does not, in and of itself, clearly and convincingly show that neither Defendant is a flight risk post-conviction.

Likewise, both Defendants' desire for at least Defendant Pamela Adenuga's release pending sentencing to allow for the making of arrangements for the care of their children during the time of Defendants' incarceration is understandable. And the need for a defendant to get her or his affairs in order has been cited as one of the reasons that the Section 3143(a)(1) standard is what it is for many defendants seeking release pending sentencing – as opposed to the even higher standards that defendants

face when, for example, seeking release pending appeal. *See United States v. Olis*, 450 F.3d 583, 586 (5th Cir. 2006). But, while that need may explain why Congress crafted the Section 3143(a)(1) standard as it did, Defendants' desire to be released to arrange for their children's care going forward does not itself meet their heavy burdens to each show by clear and convincing evidence that she or he is not a flight risk or a danger to the community.

That leaves Defendants' evidence of their ties to the community, including their family, and their obligations to their three children, who are between the ages of 6 and 11 and all United States citizens by birth. The Court heard considerable evidence of Pamela Adenuga's and Kehinde Adenuga's devotion to and concern for their children and of the difficulties for their children that Defendants' incarceration creates. But proving by clear and convincing evidence that he or she is not likely to flee if released, after having been convicted, is a heavy burden and one that the Court finds neither Defendant has met, despite the able work of counsel for all of the parties in connection with these motions.

Defendant Kehinde Adenuga has considerable ties to Nigeria and recent international travel and apparently could, as the government explains, apply for and obtain a Nigerian passport in the United States without any knowledge of such an effort by U.S. Immigration or the State Department. Defendant Pamela Adenuga has more remote ties to Nigeria – having only lived there as a child after being born in the United States – and less extensive recent international travel. But, as the Court noted in its oral findings at the conclusion of the hearing, international flight is not the only

-10-

risk with which Section 3143(a)(1) is concerned, and conviction of offenses carrying the possibility of substantial prison terms increases any defendant's incentive to flee, including with her children from whom she faces possibly being separated for many years. Additionally, as to both Pamela and Kehinde Adenuga, the Court cannot and should not ignore the nature of the offenses of which they have now been found guilty, which the government described as involving a fraud followed by additional fraud.

For these reasons, Defendant Pamela Adenuga's Motion for Release Pending Sentencing [Dkt. No. 143] and Defendant Kehinde Adenuga's Motion for Release Pending Sentencing [Dkt. No. 144] are DENIED.

SO ORDERED.

DATED: January 31, 2014

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE